James W. HUMPHRIES, Appellant,

v.

COMMONWEALTH of Kentucky, Milo D. Bryant, Secretary Transportation Cabinet, Department of Vehicle Regulation, Appellees.

No. 90–CA–1657–S.

Court of Appeals of Kentucky.

May 3, 1991.

Fred R. Radolovich, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Patricia K. Foley, Transp. Cabinet, Frankfort, for appellees.

Before EMBERTON, GUDGEL and HAYES, JJ.

HAYES, Judge:

James W. Humphries' driver's license was revoked as a consequence of his refusal to submit to a breathalyzer test pursuant to KRS 186.565. His appeal to the Jefferson Circuit Court was unsuccessful. The circuit court succinctly disposed of the two issues raised by Humphries for our consideration, and we therefore adopt the trial judge's findings and conclusions as follows:

"James W. Humphries filed this action to appeal the revocation of his operator's license for a period of six (6) months pursuant to an order entered on January 24, 1990, by the Transportation Cabinet, Department of Vehicle Regulation. The revocation order was issued upon the Report and Recommendation of a hearing examiner appointed by Milo D. Bryant, Secretary of the Transportation Cabinet, to preside at a hearing held to determine whether Humphries had violated KRS 186.565. Based upon evidence heard at the hearing conducted on January 15, 1990, the hearing examiner concluded that Humphries violated KRS 186.565, when he refused to submit to a chemical test for the purpose of determining the alcoholic content of his blood following his arrest for D.U.I. on September 21, 1989.

■ "Humphries offers two grounds for this appeal. He first asserts that a breath sample was submitted. A sample was taken, but only after Officer Adkins observed Humphries for a period of time, then requested three times that Humphries take a breathalyzer test, and twice explained the consequences of refusal. Humphries refused on each occasion, and was returned to a holding cell. An order compelling Officer Adkins to again observe Humphries and to again request that he submit a breath sample was later issued by the Jefferson District Court. A breath sample was then obtained; however, the prior refusals constituted a violation of the statute since Humphries 'refused to submit to the test upon the request of the law enforcement office ... and again refused to submit to the test after the law enforcement officer warned him of the effect of his refusal ...' KRS 186.565(3). Subsequent testing can not cure a violation of the statute, if it could, then delays in testing would increase so bloodstream alcohol levels could deteriorate, and accurate evidence samples could no longer be obtained.

■ "Humphries also asserts that Officer Adkins only 'asked' him to submit to a breathalyzer test. He suggests that this request was made in a manner which conveyed that the test was a privilege offered to him, which he could refuse with impunity, rather than a demand that he either waive the protection to give evidence against his own interest or subject himself to penalty. *Commonwealth, Department of Public Safety v. Powers*, Ky., 453 S.W.2d 260, 263 (1970). This Court finds no merit to this assertion. The record reflects that Officer Adkins read to Humphries from a copy of the Implied Consent Warning, which stated, 'I hereby request that you submit to a breath-test to determine your blood alcohol content. Will you take the test?' Officer Adkins informed Humphries after his first and second refusals that further refusal would risk loss of his driver's license. Humphries twice refused the test with full knowledge of the consequence of refusal. The language used to ascertain Humphries' willingness to take the breathalyzer test was a positive, unequivocal directive that he provide the breath sample, or lose his license. This Court finds that the *Powers* requirements were satisfied."

We are in full agreement with the Jefferson Circuit Court, and we affirm.

EMBERTON, J., concurs.

GUDGEL, J., concurs in result.